EXHIBIT A

| STATE OF INDIANA | | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | SS: | |
| COUNTY OF MARION | | CAUSE NO: |

**Mohamed Kaba**, and **Abdul Lee**,

     Plaintiffs,

v.

**LABCORP DRUG DEVELOPMENT INC.**,
**AEROTEK, INC.**,

     Defendants.

# COMBINED CLASS ACTION AND INDIVIDUAL COMPLAINT
# <u>FOR DAMAGES AND REQUEST FOR JURY TRIAL</u>

On behalf of themselves, and other similarly situated Muslim employees, Plaintiffs

Mohamed Kaba and Abdul Lee are suing LABCORP DRUG DEVELOPMENT INC.

(d/b/a COVANCE) and AEROTEK, INC. for religious harassment, failure to accommodate their

religious practices, and retaliation in violation of TITLE VII of the CIVIL RIGHTS ACT OF 1964.

Plaintiffs seek all available relief and respectfully request a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
_____
Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F   |   (317) 824-9747
Email   |   bellis@hkm.com

1.   **JURISDICTION & VENUE**

    1.   This Court has original jurisdiction over Plaintiffs' civil claims against COVANCE and AEROTEK under Ind. Code § 33-29-1-1.5(1).

    2.   This Court has jurisdiction over COVANCE and AEROTEK because they do business in Indiana. Ind. T.R. 4.4(A)(1).

    3.   Venue is preferred in Marion County under Ind. T.R. 75(A)(1) because COVANCE and AEROTEK's principal Indiana offices are in Marion County.

2.   **PARTIES**

**2.1.  Plaintiff**

    4.   Plaintiff Mohamed Kaba resides in Marion County, Indiana.

    5.   Plaintiff Abdul Lee resides in Marion County, Indiana.

**2.2.  Defendant**

    6.   Defendant LABCORP DRUG DEVELOPMENT INC. (d/b/a COVANCE) (Business ID No. 2000051800150) is a foreign corporation, with its principal Indiana office in Marion County, Indiana.

    7.   Defendant AEROTEK, INC. (Business ID No. 1996071059) is a foreign corporation, with its principal Indiana office in Marion County, Indiana.

### 3.   STATEMENT OF FACTS

8.   Plaintiffs are Muslims who were employed by AEROTEK and assigned to work for COVANCE beginning in December 2020.

9.   During their employment, they met all AEROTEK and COVANCE's legitimate performance expectations.

10.   Before they were assigned to work for COVANCE, both Mr. Kaba and Mr. Lee notified AEROTEK that their Muslim faith requires them to pray five times each day.

11.   Because their assignments involved 12-hour shifts, they were required to pray two times during their shifts.

12.   AEROTEK assured them that an accommodation would be made for them to be able to pray.

13.   Initially, COVANCE adequately accommodated my religious needs.

14.   Plaintiffs tried to be flexible in their timing to avoid disrupting production.

15.   By late January 2021, several other Muslim employees had joined them in their prayers.

16.   This attracted the attention of Gjoko Baloski (Director of Operations) who came to observe them in prayer.

17.   Soon after, Baloski asked Mr. Kaba and Mr. Lee about their prayers.

18. Then, in early February, Baloski returned with another supervisor.

19. The two men stood and monitored them the entire time as they prayed.

20. This was an attempt at intimidation.

21. In March, another supervisor again monitored their prayers.

22. This surveillance of their prayers continued on a roughly weekly basis for the next 4-6 weeks.

23. Then, on April 16, 2021 Baloski timed their prayers and stopped them.

24. Baloski made derogatory comments about their faith, including "I don't like what I'm seeing here," "this is not what we're here for," "we're here to work," and "it's business first and then religion."

25. Several of Plaintiffs' Muslim coworkers were driven to tears during the encounter, and others later told them that they would no longer be praying at work because they were afraid for their job.

26. The following Monday, April 19, Plaintiffs complained to Megan (On-Site Manager), of AEROTEK.

27. Megan assured them that they were entitled to pray at work and that they would not be fired for doing so; she also told them to report any further complaints to her or Abby Dailey (On-Site Manager).

28. Plaintiffs also met with Baloski to complain about what happened.

29. Baloski was hostile during the meeting, telling them repeatedly that "you can't use religion to not do the work," and wrongfully accused them of not returning to work after their 5:30 prayers.

30. He also stated that Plaintiffs' coworkers would "despise" them if it appeared they were receiving preferential treatment to pray.

31.  When Plaintiffs noted that they felt singled out for scrutiny based on their religion and that many Muslims were sensitive to such scrutiny because of public perceptions of Muslims following the September 11 attacks, Baloski responded by saying "Oh my god. . . . You have to be tolerant of everybody. You can't be like 'oh my god, you offended me now, I'm gonna go and cry.'"

32. When Plaintiffs noted that non-Muslim Covance employees were being allowed to take extended breaks without consequence, Baloski did not deny it.

33.  Instead, he only asked who told Plaintiffs that was occurring.

34.  Plaintiffs had been told by multiple non-Muslim Covance employees that Baloski had personally observed them taking non-compliant breaks, such as using phones on the floor or taking lengthy coffee breaks, without making any comment.

35.  Despite Baloski's hostility, Plaintiffs thought the matter had been resolved by the end of their meeting with him.

36.  But when they arrived at their prayer area on April 22, 2021, they discovered it was filled with chairs.

37.  No legitimate reason existed for the chairs to be in that area; the true purpose was to prevent or discourage Muslim employees from praying.

38.  Because of this escalating harassment, Plaintiffs contacted the council on American-Islamic relations ("CAIR").

39.  On May 6, CAIR wrote a letter to COVANCE, opposing its interference with our prayers.

40.  Then, for several months, the harassment reduced – although it never stopped completely.

41.  Other incidents occurred in which Plaintiffs were deprived of a prayer space; this included being locked out of one room and being told to stop using a conference room that had been reserved for that purpose.

42.  In that latter instance, supervisors again came to monitor them and even interrupted their prayers.

43.  On August 19, 2021, Covance terminated the employment of 109 workers, including Plaintiffs.

44.  It is Plaintiffs' understanding that the prayer group disbanded following their termination and that several Muslim employees resigned their employment.

45.  By early September 2021, however, Covance began hiring new (and untrained) assembly workers without making any attempt to recall Plaintiffs.

46. Plaintiffs then contacted AEROTEK about the possibility of a recall but were told their termination was permanent.

47. Plaintiffs each have *Mutual Arbitration Agreement* with AEROTEK to resolve "all disputes, claims, complaints, or controversies." (Ex. 1); (Ex. 2.)

48. If invoked by Defendants they should be deemed unenforceable because they contain one-sided provisions – unfairly advantaging Defendants - both requiring confidentiality and barring class action litigation.

## 4.   CLASS ACTION ALLEGATIONS

49. This *Complaint* is brought as a class action on behalf of other current and former Muslim employees of COVANCE who were similarly subjected to a hostile work environment and were denied reasonable accommodations to pray.

50. Concerning Ind. T.R. 23(B)(3), Mr. Kaba and Mr. Lee will serve as class representatives over the following class:

> Mr. Kaba and Mr. Lee will serve as class representatives for the class-wide claims brought under TITLE VII of the CIVIL RIGHTS ACT OF 1964. This action is filed as a class action as permitted by Ind. T.R. 23 on behalf of Mr. Kaba and Mr. Lee on behalf of all eligible current and former Muslim employees who were injured by COVANCE's hostile work environment and denial of reasonable accommodations to pray at its Avon facility. By the class action, Mr. Kaba and Mr. Lee represent the identical or similar interests of former and current Muslime employees of COVANCE who were subject to a hostile work environment and denied reasonable accommodations to pray at its Avon facility.

51.  Particularly with employee turnover, the number of COVANCE's current and former Muslim employees who will be members of this class action is so great (numerosity) that the joinder of all members is impractical. Instead, Mr. Kaba and Mr. Lee will pursue discovery to obtain the names of the other current and former Muslim employees, to provide notice of the class action, and to offer the opt-out opportunity.

52.  Particularly about the nature of the hostile work environment and failure to reasonably accommodate prayer, there are questions of law and fact that are common to the entire class.

53.  Mr. Kaba and Mr. Lee's claims are typical of the claims of the whole group of current and former Muslim employees harmed by COVANCE's hostile work environment and failure to reasonably accommodate prayer.

54.  Mr. Kaba and Mr. Lee will act to fairly and adequately protect the interests of the entire class of current and former Muslim employees of COVANCE.

55.  A class action is superior to other available means for the fair and efficient prosecution of these TITLE VII claims against COVANCE. For example, to prove COVANCE's religious discrimination, Mr. Kaba and Mr. Lee would seek in discovery records about all similarly situated current and former Muslim employees who were subjected to the same or similar hostile work environment and denial of reasonable accommodations to pray. Individual lawsuits by the members of the class

could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result that would have bearing on all of the other individuals in the group.

56. A determination regarding the "similarness" of those able to participate in the class action would also allow litigation of claims that may not otherwise be cost-effective, depending upon the number of each group member's damages. Particularly because many of the class members are foreign nationals, some, if not most, of the individual group members may not be aware of their rights under TITLE VII, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

57. A class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort, and expense, and uniformity of decisions will be assured.

## 5.   STATEMENT OF CLAIMS

### 5.1.   Hostile work environment based on religion in violation of Title VII. (individual and class claim)

58. Gjoko Baloski was the supervisor of Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees.

59.  Baloski and other supervisors subjected Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees to bird-dogging, verbal harassment, and other conduct that impeded their ability to pray as required by their Muslim faith.

60. This conduct was unwelcome.

61.  This conduct occurred because Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees were Muslim.

62. This conduct was sufficiently severe and pervasive that a reasonable person in Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees' positions would find their work environment to be hostile or abusive.

63. At the time the conduct occurred, Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees believed that the conduct made their work environment hostile or abusive; and

64. Baloski and the other supervisors' conduct chilled Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees' TITLE VII-protected religious practices.

### 5.2. Failure to reasonably accommodate prayer in violation of Title VII. (individual and class claim)

65. Mr. Kaba, Mr. Lee, and other similarly situated employees are Muslims.

66. Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees were qualified to perform their jobs.

67. Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees requested an accommodation to pray during work hours.

68. COVANCE and AEROTEK were aware of Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees' religious requirement to pray at the time of their request.

69. COVANCE and AEROTEK failed to provide Mr. Kaba, Mr. Lee, and other similarly situated Muslim employees with a reasonable accommodation to pray.

### 5.3. Retaliation in violation of Title VII. (individual claim)

70. Mr. Kaba and Mr. Lee complained to COVANCE and AEROTEK about the religious hostile work environment and failure to accommodate their need for prayer.

71. COVANCE terminated Mr. Kaba and Mr. Lee's employment.

72. COVANCE would not have terminated Mr. Kaba and Mr. Lee's employment if they had not complained.

73. AEROTEK refused to return Mr. Kaba and Mr. Lee to work with COVANCE.

74. AEROTEK would have returned Mr. Kaba and Mr. Lee to work if they had not complained.

## 6.  PRAYER FOR RELIEF

Mr. Kaba and Mr. Lee respectfully request that judgment be entered in their favor, and in favor of similarly situated Muslim employees, and against COVANCE and AEROTEK on all claims, for their violations of TITLE VII of the CIVIL RIGHTS ACT OF 1964. They request all available relief on their claims, including the following:

a.   Back pay

b.   Compensatory and punitive damages;

c.   Reinstatement (or front pay)

d.   Attorney fees and costs; and

e.   Prejudgment and post-judgment interest.

## 7.  JURY DEMAND

As required by Ind. T.R. 38(B), Mr. Kaba and Mr. Lee respectfully request a trial by jury on all issues so triable.

Marion Superior Court 4

# SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | SS: | IN THE MARION SUPERIOR COURT |
| COUNTY OF MARION | | CAUSE NO: |

**Mohamed Kaba**, and **Abdul Lee**,

      Plaintiffs,

v.

**LABCORP DRUG DEVELOPMENT INC.**, and
**AEROTEK, INC.**,

      Defendant.

To Defendant:      AEROTEK, INC.
               c/o THE PRENTICE-HALL CORPORATION SYSTEM INC
               135 N. Pennsylvania St., Ste. 1610, Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other response in writing to the complaint must be filed by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (317-269-2222) or the Marion County Bar Association Lawyer Referral Service (317-634-3950).

Dated: ___12/12/2022___          _Myla A. Eldridge_      (Seal)

                             Clerk, Marion Superior Court

**(The following manner of service is hereby designated.)**

☒     Registered or certified mail.
☐     Service at place of employment, to wit _____.
☐     Service on individual (personal or copy) at above address.
☐     Service on agent: _____.
☐     Other service: _____.

MARION COUNTY COURTS
**SEAL**
INDIANA

Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F  |  (317) 824-9747
Email  |  bellis@hkm.com

*Counsel for Plaintiff*

Marion Superior Court
675 Justice Way
Indianapolis, IN 46203

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20___

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant _____.

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual abode of _____ and by

mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

_____          _____
Sheriff's Costs                                     Sheriff

                                                    By: _____

                                                        Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and a copy of the

complaint to the defendant, _____, by _____ mail, requesting a return receipt,

at the address furnished by the plaintiff.

                                                    _____
                                                    Clerk, Marion Superior Court

                                                    By: _____

                                                        Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint

mailed to defendant _____ was accepted by the defendant on the _____ day of

_____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint

was returned not accepted on the _____ day of _____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint

mailed to defendant _____ was accepted by _____ on behalf of said

defendant on the _____ day of _____, 20___.

                                                    _____
                                                    Clerk, Marion Superior Court

                                                    By: _____

                                                        Deputy

Marion Superior Court 4

# SUMMONS

| STATE OF INDIANA | | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | SS: | |
| COUNTY OF MARION | | CAUSE NO: |

**Mohamed Kaba**, and **Abdul Lee**,

      Plaintiffs,

v.

**LABCORP DRUG DEVELOPMENT INC.**, and
**AEROTEK, INC.**,

      Defendant.

To Defendant:      LABCORP DRUG DEVELOPMENT INC.
c/o CORPORATION SERVICE COMPANY
135 N. Pennsylvania St., Ste. 1610, Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other response in writing to the complaint must be filed by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (317-269-2222) or the Marion County Bar Association Lawyer Referral Service (317-634-3950).

Dated: _____ 12/12/2022

_____ *Myla A. Eldridge* (Seal)
Clerk, Marion Superior Court

**(The following manner of service is hereby designated.)**

☒    Registered or certified mail.
☐    Service at place of employment, to wit _____.
☐    Service on individual (personal or copy) at above address.
☐    Service on agent: _____.
☐    Other service: _____.

SEAL

Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F  |  (317) 824-9747
Email | bellis@hkm.com

*Counsel for Plaintiff*

Marion Superior Court
675 Justice Way
Indianapolis, IN 46203

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20___

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant _____.

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual abode of _____ and by

mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

_____          _____
Sheriff's Costs                                                                     Sheriff

                                                                                    By: _____
                                                                                         Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20___, I mailed a copy of this Summons and a copy of the

complaint to the defendant, _____, by _____ mail, requesting a return receipt,

at the address furnished by the plaintiff.

                                                                 _____
                                                                 Clerk, Marion Superior Court

                                                                 By: _____
                                                                      Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint

mailed to defendant _____ was accepted by the defendant on the _____ day of

_____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint

was returned not accepted on the _____ day of _____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint

mailed to defendant _____ was accepted by _____ on behalf of said

defendant on the _____ day of _____, 20___.

                                                                 _____
                                                                 Clerk, Marion Superior Court

                                                                 By: _____
                                                                      Deputy

STATE OF INDIANA

COUNTY OF MARION

IN THE MARION SUPERIOR COURT

SS:

CAUSE NO:

**Mohamed Kaba**, and **Abdul Lee**,

     Plaintiffs,

v.

**LABCORP DRUG DEVELOPMENT INC.**,
**AEROTEK, INC.**,

     Defendants.

## <u>E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

1. The party on whose behalf this form is being filed is:
   Initiating ☒       Responding ☐     Intervening ☐ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Mohamed Kaba              Abdul Lee
   5759 W. 43rd St.           5759 W. 43rd St.
   Indianapolis, IN 46254     Indianapolis, IN 46254
   (317) 252-3586           (317) 847-4930

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Benjamin C. Ellis (Atty. No. 28544-49)
   HKM EMPLOYMENT ATTORNEYS
   320 N. Meridian St., Ste 615
   Indianapolis, IN 46204
   Phone / Fax  |  (317) 824-9747
   Email       |  bellis@hkm.com

**IMPORTANT**: Each attorney specified on this appearance:

(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

        (b)       **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

        (c)       understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a <u>CT</u> case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ☐ No ☒

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes ☐ No ☒  The party shall use the following address for purposes of legal service:

    ☒            Attorney's address

    ☐            The Attorney General Confidentiality program address
                 (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov).**

    ☐            Another address (provide)

                 _____

This case involves a petition for involuntary commitment.  Yes ☐ No ☒

6.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

    b.  State of Residence of person subject to petition: _____

    c.  At least one of the following pieces of identifying information:

        (i)  Date of Birth _____

        (ii)  Driver's License Number _____

           State where issued _____ Expiration date _____

        (iii)  State ID number _____

           State where issued _____ Expiration date _____

        (iv)  FBI number _____

        (v)  Indiana Department of Corrections Number _____

      (vi)  Social Security Number is available and is being provided in an attached confidential document Yes ☐ No ☐

7.  There are related cases: Yes ☐ No ☒

8.  Additional information required by local rule:

_____

9.  There are other party members: Yes ☐ No ☒

10. This form has been served on all other parties and Certificate of Service is attached:

Yes ☐ No ☒

                        */s/ Benjamin C. Ellis* _____
                        Benjamin C. Ellis

HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste 615
Indianapolis, IN 46204
P / F   |   (317) 824-9747
Email   |   bellis@hkm.com

STATE OF INDIANA         )      IN THE MARION SUPERIOR COURT
                                ) SS:
COUNTY OF MARION      )      49D04-2212-CT-042652

MOHAMED KABA and ABDUL LEE,   )
Plaintiffs,                    )
                                )
v.                           )
                                )
LABCORP DRUG DEVELOPMENT INC., )
AEROTEK, INC.              )
Defendants.               )

## APPEARANCE BY ATTORNEY

**Party Classification:**   Initiating _____ Responding __X__ Intervening _____

1.     The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):  **LABCORP DRUG DEVELOPMENT INC.**

2.     Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

      Name:      GUTWEIN LAW
                   Jaclyn S. Gessner                  Attny.#: 32605-49
      Address:   300 N Meridian Street, Suite 1650      Phone: 317.777.7920
                   Indianapolis, IN 46204              FAX:  765.423.7901
      Email Address: jackie.gessner@gutweinlaw.com

3.     There are other party members:   Yes _____   No  __X__

4.     I will accept service by FAX at the above noted number:   Yes _____   No  __X__

5.     This case involves support issues:  Yes _____   No  __X__

6.     There are related cases:   Yes _____   No  __X__

7.     This form has been served on all other parties.
      Certificate of Service is attached: Yes __X__   No _____

8.     Additional information required by local rule: none.

Respectfully submitted,

*/s/Jackie S. Gessner*
Jackie S. Gessner, #32605-49
GUTWEIN LAW
300 N Meridian Street, Suite 1650
Indianapolis, IN 46204
T. 317.777.7920
F. 765.423.7901
jackie.gessner@gutweinlaw.com

**ATTORNEY FOR LABCORP DRUG
DEVELOPMENT INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on December 30, 2022, I filed the foregoing

**APPEARANCE BY ATTORNEY** via the Court's electronic filing system, whereupon the

following were served by electronic mail or first-class mail:

Benjamin C. Ellis
bellis@hkm.com

AEROTEK, INC.
c/o the Prentice-Hall Corporation System Inc.
135 N Pennsylvania Street, Suite 1610
Indianapolis, IN 46204


Date:   December 30, 2022               */s/Jackie S. Gessner*
                                        Jackie S. Gessner

Filed: 12/30/2022 9:22 AM
Clerk
Marion County, Indiana

STATE OF INDIANA          )     IN THE MARION SUPERIOR COURT
                          ) SS:
COUNTY OF MARION          )     49D04-2212-CT-042652

MOHAMED KABA and ABDUL LEE,    )
Plaintiffs,                    )
                               )
v.                             )
                               )
LABCORP DRUG DEVELOPMENT INC., )
AEROTEK, INC.                  )
Defendants.                    )

### DEFENDANT'S NOTICE OF AUTOMATIC ENLARGEMENT OF TIME

Defendant Labcorp Drug Development Inc. ("Labcorp"), by counsel and pursuant to the Indiana Rules of Trial Procedure and Marion County LR49-TR5-203(D), gives notice of an automatic enlargement of time of thirty (30) days, through and including February 2, 2023, to answer or otherwise respond to Plaintiffs Mohamed Kaba and Abdul Lee's Combined Class Action and Individual Complaint for Damages and Request for Jury Trial ("Complaint").  Labcorp states the following in support of this Notice:

1.   On December 12, 2022, Plaintiffs filed their Complaint which was served to Labcorp and Defendant Aerotek, Inc. on December 14, 2022.

2.   Defendants' responsive pleadings are due January 3, 2023, which time has not yet expired.

3.    Defendants require additional time to prepare and file their responses to Plaintiffs' Complaint within the time period.

4.   Pursuant to Marion County LR49-TR5-203(D), "Initial written motion for enlargement of time pursuant to TR 6(B)(1) to respond to a claim shall be automatically allowed for an additional 30 days from the original due date without a written order of the Court."

5.      Counsel for Labcorp contacted Plaintiff's counsel regarding this extension, and Plaintiff's counsel had no objection.  Plaintiff's counsel also agreed to an extension of time for Defendant Aerotek, Inc. to answer or respond to the Complaint.

6.      Counsel for Labcorp consulted with counsel for Defendant Aerotek, Inc. on this extension.  Counsel for Defendant Aerotek, Inc. consents to submission of this Notice on behalf of both Defendants.

7.      This enlargement of time is made in good faith and is not intended to hinder or delay the prosecution of this action.

WHEREFORE, Defendant Labcorp Drug Development Inc. gives notice of this automatic enlargement of time of thirty (30) days, through and including February 2, 2023, to answer or otherwise respond to Plaintiffs Mohamed Kaba and Abdul Lee's Combined Class Action and Individual Complaint for Damages and Request for Jury Trial and all other appropriate relief.

Respectfully submitted,

*/s/Jackie S. Gessner*
Jackie S. Gessner, #32605-49
GUTWEIN LAW
300 N Meridian Street, Suite 1650
Indianapolis, IN 46204
T. 317.777.7920
F. 765.423.7901
jackie.gessner@gutweinlaw.com

**ATTORNEY FOR LABCORP DRUG
DEVELOPMENT INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on December 30, 2022, I filed the foregoing

**NOTICE OF AUTOMATIC ENLARGEMENT OF TIME** via the court's electronic filing

system, whereupon the following were served by electronic mail or first-class mail:

Benjamin C. Ellis
bellis@hkm.com

AEROTEK, INC.
c/o the Prentice-Hall Corporation System Inc.
135 N Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

Date:   December 30, 2022                */s/Jackie S. Gessner*
                                         Jackie S. Gessner