UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MOHAMED KABA and ABDUL LEE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:23-cv-00084-JMS-TAB |
| v. | ) |
| | ) |
| LABCORP DRUG DEVELOPMENT | ) |
| INC., AEROTEK, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT LABCORP'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Labcorp Drug Development, Inc. (f/k/a Covance, Inc.) ("Labcorp"), by counsel, submits this answer to the Combined Class Action and Individual Complaint for Damages and Request for Jury Trial ("Complaint") filed by Mohamed Kaba ("Kaba") and Abdul Lee ("Lee") (collectively, "Plaintiffs") and asserts various defenses as follows:

**ANSWER**

In response to the unnumbered introductory paragraph of the Complaint, Labcorp admits that Plaintiffs purport to bring this lawsuit against Labcorp and Aerotek, Inc. ("Aerotek") for religious harassment, failure to accommodate their religious practices, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq*. Labcorp further acknowledges that Plaintiffs request a trial by jury, but denies that Plaintiffs are entitled to one in this case. Labcorp denies all other allegations contained in the introductory paragraph and denies that Plaintiffs are entitled to any relief in connection with the claims they purport to assert in this action.

1. **JURISDICTION & VENUE**

1

1. Labcorp denies the allegations contained in Paragraph 1 of the Complaint, except to admit that this Court has jurisdiction over Plaintiffs' claims against Labcorp.

2. Labcorp denies the allegations contained in Paragraph 2 of the Complaint, except to admit that this Court has jurisdiction over Labcorp.

3. Labcorp denies the allegations contained in Paragraph 3 of the Complaint, except to admit that venue is proper in this Court as to Labcorp.

## 2. PARTIES

### 2.1. Plaintiff

4. Labcorp denies for lack of knowledge the county of Kaba's current residence as set forth in Paragraph 4 of the Complaint.

5. Labcorp denies for lack of knowledge the county of Lee's current residence as set forth in Paragraph 5 of the Complaint.

### 2.2. Defendant

6. Labcorp admits the allegations contained in Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint are not directed at Labcorp. Therefore, no response is required. To the extent a response is required, Labcorp denies the allegations in Paragraph 7.

## 3. STATEMENT OF FACTS

8. Labcorp denies the allegations contained in Paragraph 8 of the Complaint, except to admit that Plaintiffs were assigned to work for Labcorp.

9. Labcorp denies the allegations contained in Paragraph 9 of the Complaint.

10. Labcorp denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge.

11. Labcorp denies the allegations contained in Paragraph 11 of the Complaint, except to admit that Plaintiffs were assigned to work 12-hour shifts.

12. Labcorp denies the allegations contained in Paragraph 12 of the Complaint for lack of knowledge.

13. Labcorp denies the allegations contained in Paragraph 13 of the Complaint as written, but Labcorp admits that Plaintiffs' religious needs were adequately accommodated by Labcorp.

14. Labcorp denies the allegations contained in Paragraph 14 of the Complaint for lack of knowledge.

15. Labcorp denies the allegations contained in Paragraph 15 of the Complaint for lack of knowledge, but Labcorp admits that other workers joined Plaintiffs in praying.

16. Labcorp denies the allegations contained in Paragraph 16 of the Complaint.

17. Labcorp denies the allegations contained in Paragraph 17 of the Complaint as written, but Labcorp admits that Gjoko Baloski asked Plaintiffs what time they needed to pray.

18. Labcorp denies the allegations contained in Paragraph 18 of the Complaint.

19. Labcorp denies the allegations contained in Paragraph 19 of the Complaint.

20. Labcorp denies the allegations contained in Paragraph 20 of the Complaint.

21. Labcorp denies the allegations contained in Paragraph 21 of the Complaint.

22. Labcorp denies the allegations contained in Paragraph 22 of the Complaint.

23. Labcorp denies the allegations contained in Paragraph 23 of the Complaint.

24. Labcorp denies the allegations contained in Paragraph 24 of the Complaint.

25. Labcorp denies the allegations contained in Paragraph 25 of the Complaint.

26. Labcorp denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge.

27. Labcorp denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge.

28. Labcorp denies the allegations contained in Paragraph 28 of the Complaint as written, but Labcorp admits that Baloski met with Plaintiffs to discuss what time Plaintiffs would pray.

29. Labcorp denies the allegations contained in Paragraph 29 of the Complaint.

30. Labcorp denies the allegations contained in Paragraph 30 of the Complaint.

31. Labcorp denies the allegations contained in Paragraph 31 of the Complaint.

32. Labcorp denies the allegations contained in Paragraph 32 of the Complaint, except to admit that Plaintiffs told Baloski that other workers were being allowed to take extended breaks without consequence.

33. Labcorp denies the allegations contained in Paragraph 33 of the Complaint, except to admit that Baloski asked Plaintiffs who told them that other workers were being allowed to take extended breaks without consequence.

34. Labcorp denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge.

35. Labcorp denies that Baloski was hostile towards Plaintiffs and denies the remainder of the allegations contained in Paragraph 35 of the Complaint for lack of knowledge regarding Plaintiffs' thoughts.

36. Labcorp denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge.

37. Labcorp denies the allegations contained in Paragraph 37 of the Complaint.

38. Labcorp denies that there was any "harassment" and denies the remainder of the allegations contained in Paragraph 38 of the Complaint for lack of knowledge.

39. Labcorp denies the allegations contained in Paragraph 39 of the Complaint for lack of knowledge as to when the Council on American-Islamic Relations wrote a letter to Labcorp.

40. Labcorp denies the allegations contained in Paragraph 40 of the Complaint and denies that there was any harassment of Plaintiffs.

41. Labcorp denies the allegations contained in Paragraph 41 of the Complaint.

42. Labcorp denies the allegations contained in Paragraph 42 of the Complaint.

43. Labcorp denies the allegations contained in Paragraph 43 of the Complaint, except to assert that Labcorp ended the assignment of almost 200 workers with Labcorp in August 2021, including Plaintiffs' assignment.

44. Labcorp denies the allegations contained in Paragraph 44 of the Complaint for lack of knowledge.

45. Labcorp denies the allegations contained in Paragraph 45 of the Complaint.

46. Labcorp denies the allegations contained in Paragraph 46 of the Complaint for lack of knowledge.

47. Labcorp denies the allegations contained in Paragraph 47 of the Complaint for lack of knowledge. Labcorp further asserts that the exhibits referenced in Paragraph 47 were not attached to the Complaint, and thus, the allegations in Paragraph 47 of the Complaint are vague and ambiguous.

48. Labcorp denies the allegations contained in Paragraph 48 of the Complaint.

4. **CLASS ACTION ALLEGATIONS**

49. Labcorp denies the allegations contained in Paragraph 49 of the Complaint, except to admit that Plaintiffs purport to bring this action as a class action. Labcorp further denies that this case is suitable for class action treatment.

50. Labcorp denies the allegations contained in Paragraph 50 of the Complaint, except to admit that Plaintiffs seek to serve as class representatives. Labcorp further denies the definition of Plaintiffs' proposed class action, that this case is suitable for class action treatment, and that Plaintiffs are suitable to serve as class representatives.

51. Labcorp denies the allegations contained in Paragraph 51 of the Complaint and denies that this case is suitable for class action treatment.

52. Labcorp denies the allegations contained in Paragraph 52 of the Complaint and denies that this case is suitable for class action treatment.

53. Labcorp denies the allegations contained in Paragraph 53 of the Complaint and denies that this case is suitable for class action treatment.

54. Labcorp denies the allegations contained in Paragraph 54 of the Complaint and denies that this case is suitable for class action treatment.

55. Labcorp denies the allegations contained in Paragraph 55 of the Complaint and denies that this case is suitable for class action treatment.

56. Labcorp denies the allegations contained in Paragraph 56 of the Complaint and denies that this case is suitable for class action treatment.

57. Labcorp denies the allegations contained in Paragraph 57 of the Complaint and denies that this case is suitable for class action treatment.

5. **STATEMENT OF CLAIMS**

**5.1.   Hostile work environment based on religion in violation of Title VII. (individual and class claim)**

58.   Labcorp denies the allegations contained in Paragraph 58 of the Complaint.

59.   Labcorp denies the allegations contained in Paragraph 59 of the Complaint.

60.   Labcorp denies the allegations contained in Paragraph 60 of the Complaint.

61.   Labcorp denies the allegations contained in Paragraph 61 of the Complaint.

62.   Labcorp denies the allegations contained in Paragraph 62 of the Complaint.

63.   Labcorp denies the allegations contained in Paragraph 63 of the Complaint.

64.   Labcorp denies the allegations contained in Paragraph 64 of the Complaint.

**5.2   Failure to reasonably accommodate prayer in violation of Title VII. (individual and class claim)**

65.   Labcorp denies the allegations contained in Paragraph 65 of the Complaint for lack of knowledge.

66.   Labcorp denies the allegations contained in Paragraph 66 of the Complaint.

67.   Labcorp denies the allegations contained in Paragraph 67 of the Complaint.

68.   Labcorp denies the allegations contained in Paragraph 68 of the Complaint as they relate to Labcorp.

69.   Labcorp denies the allegations contained in Paragraph 69 of the Complaint as they relate to Labcorp.

**5.3   Retaliation in violation of Title VII. (individual claim)**

70.   Labcorp denies the allegations contained in Paragraph 70 of the Complaint as they relate to Labcorp.

71.   Labcorp denies the allegations contained in Paragraph 71 of the Complaint as worded, but asserts that Labcorp ended Plaintiffs' assignment with Labcorp.

72. Labcorp denies the allegations contained in Paragraph 72 of the Complaint.

73. The allegations contained in Paragraph 73 of the Complaint are not directed at Labcorp. Therefore, no response is required. To the extent a response is required, Labcorp denies the allegations in Paragraph 73.

74. The allegations contained in Paragraph 74 of the Complaint are not directed at Labcorp. Therefore, no response is required. To the extent a response is required, Labcorp denies the allegations in Paragraph 74.

**6.  PRAYER FOR RELIEF**

Labcorp denies the allegations contained in the "Prayer for Relief," including subparagraphs (a) through (e), and denies Plaintiffs are entitled to any judgment or relief in connection with the claims they purport to assert in this action.

**7.  JURY DEMAND**

Labcorp acknowledges that Plaintiffs have demanded a trial by jury, but denies that they are entitled to one in this case.

<u>**AFFIRMATIVE DEFENSES**</u>

**First Defense**

As to each of Plaintiffs' claims, Plaintiffs fail to state a claim upon which relief may be granted, in whole or in part.

**Second Defense**

Plaintiffs' claims under Title VII are barred to the extent that they were not the subject of a timely administrative charge, to the extent they are outside the scope of the administrative charge, or to the extent that any other jurisdictional prerequisite is lacking.

**Third Defense**

4887-6352-7249, v. 1

Plaintiffs' damages are barred or reduced because Plaintiffs did not reasonably seek other employment or otherwise mitigate their alleged damages.

### Fourth Defense

Any actions taken by Labcorp were based on legitimate, non-discriminatory, and non-retaliatory factors. Labcorp treated Plaintiffs fairly and in compliance with all applicable laws.

### Fifth Defense

To the extent that Plaintiffs are able to demonstrate that any protected activity or protected characteristic was a motivating factor in any action challenged by Plaintiffs, which Labcorp denies, Labcorp would have taken the same action absent consideration of any protected activity or protected characteristic.

### Sixth Defense

Any improper, illegal, or retaliatory acts by any employee of Labcorp alleged by Plaintiffs but denied by Labcorp were outside the course and scope of the employment and were not ratified, confirmed or approved by Labcorp so such acts cannot be attributed to Labcorp.

### Seventh Defense

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, privilege, estoppel, res judicata, and/or laches.

### Eighth Defense

Labcorp implemented reasonable measures to prevent and correct discrimination, harassment, and retaliation, including, but not limited to, the issuance, communication, and enforcement of Anti-Harassment and Equal Opportunity policies. Plaintiffs, however, unreasonably failed to take advantage of any preventive or corrective opportunities by Labcorp or to avoid harm otherwise.

4887-6352-7249, v. 1

### Ninth Defense

Labcorp has and had in place a strong, officially-promulgated, and user-friendly policy against discrimination, harassment, and retaliation to prevent and promptly correct any such behavior.  Thus, to the extent Plaintiffs are able to prove that they were subjected to discrimination, harassment, or retaliation, which Labcorp denies, Labcorp cannot be held liable because of its good-faith efforts to ensure compliance with the discrimination laws.

### Tenth Defense

To the extent Plaintiffs have suffered any damages, Labcorp was neither the actual nor proximate cause of Plaintiffs' claimed damages.  Plaintiffs' own actions and/or failure to act caused the alleged damages for which they seek relief.

### Eleventh Defense

To the extent after acquired-evidence of Plaintiffs wrongdoing exists, Plaintiffs are barred from recovering any back pay or other damages for any period after the date of discovery of such evidence.

### Twelfth Defense

Plaintiffs' alleged damages are speculative and, thus, unavailable as a matter of law.

### Thirteenth Defense

Plaintiffs' claims for damages under Title VII are subject to the limitations set forth in 42 U.S.C. § 1981a(b)(3).

### Fourteenth Defense

Labcorp pleads all applicable statutes of limitations.

### Fifteenth Defense

To the extent applicable, Plaintiffs lack standing to asserts their claims against Labcorp.

4887-6352-7249, v. 1

### Sixteenth Defense

Labcorp was not Plaintiffs' employer.

### Seventeenth Defense

Plaintiffs cannot satisfy the requirements to maintain a class action under FRCP 23.

### Eighteenth Defense

While denying Plaintiffs are entitled to punitive damages, Labcorp affirmatively pleads that an award of punitive damages would violate the Indiana and U.S. Constitutions.

### Nineteenth Defense

Labcorp acted in good faith at all times in its conduct toward Plaintiffs, and Plaintiffs' own actions, or the actions of a third party for whom Labcorp is not responsible, were the proximate and superseding cause of any damages Plaintiffs may have sustained. Labcorp invokes all applicable contribution, setoff, and comparative fault principles.

### Twentieth Defense

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated" to them, fail to satisfy the requirements of Rule 23 and are inappropriate for class treatment.

### <u>RESERVATION OF RIGHTS</u>

Labcorp reserves the right to assert additional defenses that may become known during the course of discovery.

WHEREFORE, Defendant Labcorp Drug Development, Inc. prays that Plaintiffs' Complaint be dismissed with prejudice, that it recovers costs expended on its behalf, including attorney fees, and that it be awarded such other and further relief, at law and in equity, to which it shows itself entitled.

4887-6352-7249, v. 1

Date: February 17, 2023

*s/Jackie S. Gessner*
Jackie S. Gessner, #32605-49
GUTWEIN LAW
300 N Meridian Street, Suite 1650
Indianapolis, IN 46204
P. 317.777.7933
F. 765.423.7901
Jackie.gessner@gutweinlaw.com

***ATTORNEY FOR DEFENDANT LABCORP DRUG DEVELOPMENT, INC.***

4887-6352-7249, v. 1