UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

MOHAMED KABA and ABDUL LEE,

    Plaintiffs,

    v.

LABCORP DRUG DEVELOPMENT INC.
and AEROTEK, INC.,

    Defendants.

Case No. 23-cv-00084

**DEFENDANT AEROTEK, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND
TO DISMISS, OR ALTERNATIVELY, TO STAY**

    Defendant Aerotek, Inc. ("Aerotek" or the "Company"), pursuant to Rule 12 of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), respectfully submits this memorandum of law in support of its motion to compel arbitration and to dismiss the Combined Class Action Complaint and Individual Complaint for Damages and Request for Jury Trial ("Complaint") filed by Plaintiffs Mohamed Kaba ("Kaba") and Abdul Lee ("Lee," and together with Kaba, "Plaintiffs"), or alternatively, to stay these proceedings pending resolution in the arbitral forum.

    In their Complaint, Plaintiffs assert claims arising out of their employment by Aerotek and assignment to Aerotek's customer, Defendant Labcorp Drug Development, Inc. ("Labcorp")—namely, that Plaintiffs and other current and former Muslim employees were subjected to a hostile work environment and denied reasonable accommodation to pray, that they complained about this same activity, and that they subsequently were terminated in retaliation for their complaints, in violation of Title VII of the Civil Rights Act. However, Plaintiffs and

Aerotek are parties to a Mutual Arbitration Agreement that provides that disputes arising during the course of employment with the Company, including those related to allegations of discrimination, harassment, and retaliation, shall be resolved only through individual arbitration. Accordingly, this Court should grant Aerotek's motion and compel Plaintiffs to pursue their claims against Aerotek through arbitration, and dismiss Plaintiffs' Complaint with prejudice. Alternatively, and in the event the Court elects to maintain jurisdiction over Plaintiffs' claims, the case should be stayed pending the outcome of the arbitration.

Aerotek additionally requests that the Court order Plaintiffs to reimburse Aerotek for its attorneys' fees and costs in prosecuting this motion. Plaintiffs breached their agreement with Aerotek to submit their claims to arbitration, and are thus liable for the foreseeable damages that result from such breach. Such damages include Aerotek's attorneys' fees and costs in bringing this motion. Further, the parties agreed that the prevailing party in a dispute arising from Plaintiffs' employment shall be awarded its attorneys' fees and costs. Therefore, Aerotek is entitled to recover its attorneys' fees and costs if it prevails on this motion.

## FACTS RELEVANT TO DEFENDANT'S MOTION

### A. Aerotek's Business

Aerotek provides temporary staffing services on a contract basis to various clients. (Declaration of Y. VanderHaar, attached hereto as Exhibit A, at ¶ 2.) Aerotek sources, screens, and recruits qualified individuals to meet the business needs of its clients. (*Id*.) Once a client accepts a candidate, Aerotek hires and assigns that candidate to the client's location. (*Id*.)

### B. Aerotek's Mutual Arbitration Agreement

Aerotek has a Mutual Arbitration Agreement that covers certain claims between applicants or employees and the Company. (VanderHaar Decl. ¶ 6.) The terms of the Mutual

Arbitration Agreement require the parties to submit the following covered claims to arbitration with Judicial Arbitration and Mediation Services ("JAMS"), rather than in court:

> **all disputes, claims, complaints, or controversies** ("Claims") that I may have **against Aerotek, Inc** and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; **discrimination and/or harassment claims; retaliation claims**; claims for wages, compensation, penalties or restitution; and **any other claim under any federal, state, or local statute**, constitution, regulation, rule, ordinance, or common law, **arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company** (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.

(*Id.* ¶ 15, Ex. 1 at 1-2; *Id.* ¶ 16, Ex. 2 at 1-2 (emphasis added).)

### C.     Plaintiffs' Employment By Aerotek And Acceptance Of The Mutual Arbitration Agreement

In December 2020, Aerotek extended offers of employment to Kaba and Lee to be placed on assignment to Aerotek's customer Labcorp. (VanderHaar Decl. ¶¶ 4-6.) On December 11, 2020, prior to starting his role as a Senior CSA, Kaba electronically signed the Mutual Arbitration Agreement to acknowledge his receipt of the agreement and acceptance of its terms. (*Id.* ¶¶ 8-15, Ex. 1.) On December 16, 2020, Lee electronically signed the Mutual Arbitration Agreement to acknowledge his receipt of the agreement and acceptance of its terms. (VanderHaar Decl. ¶¶ 8-14, 16, Ex. 2.)

### D.     Plaintiff's Acceptance Of The Employment Agreement With Aerotek

Aerotek has an Employment Agreement with those it hires to be placed on assignment. Among other terms, the Employment Agreement provides that the prevailing party in a dispute is entitled to recover reasonable attorneys' fees and costs:

3

> **19. Attorneys' Fees** – To the extent permitted by law, you agree that in the event of any dispute or claims: (a) arising out of or relating in any way to your employment or relationship with Aerotek, Inc; or (b) seeking to enforce the obligations contained in this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and all costs relating to the dispute or claims and any process through which such a dispute or claims may be resolved.

(Declaration of A. Duke Mattheisen, attached hereto as Exhibit B, ¶¶ 4-5, Ex. 1-2.)

Kaba electronically signed the Employment Agreement on December 11, 2020, and Lee electronically signed the Employment Agreement on December 16, 2020. (Mattheisen Decl. ¶¶ 4-5, Ex. 112.) Plaintiffs' assignments with Labcorp ended on August 17, 2021. (ECF No. 1-2 at ¶¶ 5, 9.)

## ARGUMENT

The claims in Plaintiffs' Complaint are covered claims as defined in the Mutual Arbitration Agreement and must be submitted to arbitration. The FAA codifies a strong federal policy in favor of enforcing arbitration agreements, including agreements to arbitrate statutory claims. *See* 9 U.S.C. § 2; *Epic Systems Inc. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("The [FAA], this Court has said, establishes 'a liberal federal policy favoring arbitration agreements.'") (citation omitted); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 (1991) (FAA provisions demonstrate federal policy that favors arbitration and its "purpose was to reverse the longstanding judicial hostility to arbitration agreements"); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 232-33 (2013); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

Title 9, section 2 of the FAA provides, in pertinent part, that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

FAA, 9 U.S.C. § 2. Section 3 of the FAA specifically requires the Court to compel arbitration where "the issue involved in such suit…is referable to arbitration" under a written agreement. FAA, 9 U.S.C. § 3.

"[I]n Congress's judgment arbitration ha[s] more to offer than courts recognized—not least the promise of quicker, more informal, and often cheaper resolutions for everyone involved." *Epic Systems*, 138 S. Ct. at 1621; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) (arbitration allows parties to resolve their claims for "lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes"). Thus, "'by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'" *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Indeed, as the Supreme Court reinforced in *Epic Systems*, through the FAA, "[n]ot only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures." 138 S. Ct. at 1621; *see also Stolt-Nielsen*, 559 U.S. at 682-84 (to "'give effect to the contractual rights and expectations of the parties,'" agreements to arbitrate must be enforced according to their terms, and "it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so") (citation omitted and emphasis in original).

Further, "[t]he [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25

(1983); *see Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) ("Once it is clear . . . that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law."); *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (explaining that "a court may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'") (citation omitted). Courts, therefore, should "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone*, 460 U.S. at 22.

### A.     Plaintiffs' Claims Are Subject To Mandatory Arbitration.

Where, as here, there is "an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Indeed, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see also* 9 U.S.C. § 4 ("upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order

directing the parties to proceed to arbitration in accordance with the terms of the agreement"). The party opposing arbitration bears the burden of proving that the claims at issue are not referable to arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Felder v. Kelly Servs.*, No. 1:18-cv-02948-RLY-MPB, 2019 WL 13083129, at *2 (S.D. Ind. Jan. 28, 2019).

Here, all three requirements are satisfied. The Court should dismiss Plaintiffs' claims with prejudice and compel arbitration.

### 1.     The Mutual Arbitration Agreement Is A Valid Written Agreement

Plaintiffs indisputably agreed to arbitrate the claims alleged in their Complaint. Whether the parties agreed to arbitrate is a matter of state contract law. Under Indiana law, a contract, including an arbitration agreement, is enforceable where there is offer, acceptance, and consideration. *Ortiz v. Winona Mem'l Hosp.*, No. 1:02-CV-1975-JDT-TAB, 2003 WL 21696524, at *4 (S.D. Ind. June 4, 2003); *Felder*, 2019 WL 13083129 at *3 (enforcing arbitration agreement).

Here, Plaintiffs cannot dispute that they agreed to arbitrate their claims. Aerotek made a valid offer when it presented the Mutual Arbitration Agreement to Kaba on December 11, 2020 and made clear—via the express terms of the Mutual Arbitration Agreement—that signing the Agreement would be deemed as his acceptance of its terms. (VanderHaar Decl. ¶ 15, Ex. 1.); *see also Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1005 (N.D. Ill. 2013), *aff'd*, 556 Fed. Appx. 543 (7th Cir. 2014) (holding that plaintiff's signed agreement to enter into an arbitration agreement as a condition of employment "constitutes an offer and acceptance . . . to support enforcement of the agreement"); *Curry v. MidAmerica Care Found.*, No. TH 02-0053-C T/H, 2002 WL 1821808, at *5 (S.D. Ind. June 4, 2002) (similar). Similarly, Aerotek made a valid and clear offer to Lee when it presented the Mutual Arbitration Agreement to him on December 16,

7

2020, and made clear that signing the Agreement would be deemed his acceptance of its terms. (VanderHaar Decl. ¶ 16, Ex. 2.) Employer policies that represent offers to be bound can form the basis of binding contracts, making the Mutual Arbitration Agreement an offer by Aerotek capable of forming the basis of an enforceable contract. *See Johnson*, 928 F. Supp. at 1005.

Plaintiffs accepted Aerotek's offer and assented to the terms of the Mutual Arbitration Agreement expressly by electronically signing the document on December 11, 2020 (Kaba) and December 16, 2020 (Lee). *See Felder*, 2019 WL 13083129, at *3 ("By electronically signing the Arbitration Agreement, Plaintiff formally accepted the offer and agreed to arbitrate all claims related to his employment"); *Johnson*, 928 F. Supp. 2d at 1005; *Moreno v. Progistics Distribution, Inc.*, No. 18 C 1833, 2018 WL 3659348, at *3 (N.D. Ill. Aug. 2, 2018) (acknowledgment plaintiff "undisputedly received and signed constitutes both an offer and an acceptance of arbitration").

Plaintiffs' assent to the terms of the Mutual Arbitration Agreement is further reflected by their accepting offers of employment to be placed on assignment to Aerotek's client Labcorp. Because Plaintiffs accepted the Mutual Arbitration Agreement by both signing the document, accepting offers of work, and performing work on assignments, their acceptance of the terms is valid as a matter of Indiana law. *Baumann v. The Finish Line, Inc.*, No. 1:08-CV-1385-LJMJMS, 2009 WL 2750094, at *1 (S.D. Ind. Aug. 26, 2009); *Ortiz*, 2003 WL 21696524, at *4.

The Mutual Arbitration Agreement is also supported by sufficient consideration. The plain language of the document notes that "as consideration for my application for and/or employment with Aerotek, Inc. and for the mutual promises herein, I and the Company. . . agree" to the terms of the Agreement. (*See, e.g.*, VanderHaar Decl. ¶ 15, Ex. 1); *see also Felder*, 2019 WL 13083129 at *3 (agreement "to arbitrate future disputes in exchange for employment by

[employer] and [employer agreement] to be bound by the arbitrator's award" are sufficient consideration to make arbitration agreement enforceable); *Baumann*, 2009 WL 2750094, at *4 ("Under Indiana law, an employer's agreement to continue at-will employment, in and of itself, is adequate consideration to support a binding promise from an employee to submit all claims to arbitration."); *Wilkerson v. Serv. Corp. Int'l*, No. IP02-0982CBS, 2003 WL 21052128, at *1 (S.D. Ind. Apr. 2, 2003) ("where an employee enjoys employment or continued employment, there is consideration for the arbitration agreement."); *Rollins v. American State Bank*, 487 N.E.2d 842 (Ind. Ct. App. 1986) (similar). Indeed, over the course of his employment by Aerotek, Kaba earned $30,906.65 and Lee earned $25,208.79. (ECF No. 1-2 at 4-5, ¶¶ 7, 11.) Therefore, because there was a valid offer, acceptance, and consideration, the Mutual Arbitration Agreement is valid and enforceable under Indiana law.

### 2. Plaintiffs' Claims In This Lawsuit Are Covered By The Arbitration Agreement.

Where it is established that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law. *Gore*, 666 F.3d at 1032. "To this end, a court may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. at 1032–33 (internal quotations and citation omitted).

Here, the clear and express language of the Mutual Arbitration Agreement between the parties establishes that Plaintiffs' claims against Aerotek are within the scope of claims covered by their mutual agreement to arbitrate. Specifically, the Complaint asserts claims for hostile work environment, discrimination, and retaliation under Title VII of the Civil Rights Act and arising from Plaintiffs' employment by Aerotek and placement on assignment to Labcorp. (*See*

Dkt. 1-1, ¶¶ 58-74.) Such claims fall squarely within the Mutual Arbitration Agreement covered claims, which include "all disputes, claims, complaints, or controversies ("Claims") that [Plaintiffs] may have against Aerotek, Inc. . . and/or any of its clients or customers" and expressly identifies "discrimination and/or harassment claims" as well as "retaliation claims . . arising out of and/or directly or indirectly related to . . my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company," and any other claims under federal law (*See, e.g.*, VanderHaar Decl. ¶ 15, Ex. 1.)

Accordingly, the FAA requires this Court to compel arbitration of Plaintiffs' claims.

### 3. Plaintiffs Have Not Submitted Their Claims To Arbitration.

The final requirement for granting this motion to compel individual arbitration is also readily satisfied. Plaintiffs filed their Complaint against Aerotek in court (ECF No. 1-1 at 2-13), rather than submitting their claims to arbitration as the Mutual Arbitration Agreement provides. Thus, Plaintiffs have not submitted their claims against Aerotek to arbitration, despite that the Mutual Arbitration Agreement requires as such.

In sum, the three elements required to order arbitration have been established. Accordingly, Aerotek respectfully requests that the Court dismiss Plaintiffs' complaint with prejudice and compel all claims against Aerotek to arbitration.

### B. Aerotek Is Entitled To Attorneys' Fees In Connection With Bringing This Motion.

Aerotek additionally requests the Court award Aerotek the attorneys' fees and costs it incurs in prosecuting this motion. As explained above, the parties explicitly agreed to submit any claims related to Plaintiffs' employment to arbitration, and Plaintiffs breached that agreement by filing suit in court, rather than an arbitral forum. As such, Aerotek is entitled to recover as

damages the "loss actually suffered as a result of the breach," which include the "natural, foreseeable and proximate consequence of the breach." *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, No. 315CV00022RLYMPB, 2016 WL 6432620, at *3 (S.D. Ind. Oct. 31, 2016) (quoting *Fischer v. Heymann*, 12 N.E.3d 867, 871 (Ind. 2014); *Fowler v. Campbell*, 612 N.E.2d 596, 603 (Ind. Ct. App. 1993)). Here, the natural and foreseeable consequence of Plaintiffs' breach of the parties' agreement to arbitrate are the attorneys' fees and costs Aerotek is forced to incur to compel Plaintiffs to the arbitral forum. *See Rogovsky*, 2016 WL 6432620, at *3 (granting the defendant its requested attorneys' fees and costs incurred in prosecuting its motion to transfer as they were the "natural and foreseeable consequence of litigating a motion to transfer based on a valid forum-selection clause").

Moreover, the parties contractually agreed that the prevailing party in a dispute related to Plaintiffs' employment is entitled to recover attorneys' fees and costs. While the American Rule on attorneys' fees ordinarily requires that "both parties pay their own fees," Indiana law allows parties to contract for a different result. *Johnson v. Harvest Mgmt. Sub TRS Corp.--Holiday Ret.*, No. 3:15-CV-00026-RLY, 2015 WL 5692567, at *7 (S.D. Ind. Sept. 25, 2015) (quoting *Loparex, LLC v. MPI Release Techs., Inc.*, 964 N.E.2d 806, 815 (Ind. 2012)) (quotations omitted). Parties are free to enter into such fee-shifting agreements as long as they are not contrary to law or public policy. *Smith v. Foegley Landscape, Inc.*, 30 N.E.3d 1231, 1239 (Ind. Ct. App. 2015).

Here, both Plaintiffs signed agreements which contain such a fee-shifting provision:

> **19. Attorneys' Fees** – To the extent permitted by law, you agree that in the event of any dispute or claims: (a) arising out of or relating in any way to your employment or relationship with Aerotek, Inc; or (b) seeking to enforce the obligations contained in this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and all costs relating to the dispute or claims and any process through which such a dispute or claims may be resolved.

(Mattheisen Decl. ¶¶ 4-5.)

Aerotek's motion falls squarely within the fee-shifting provision, as the dispute arises out of Plaintiff and Aerotek's employment relationship. Thus, to the extent Aerotek prevails on its motion, it should be awarded its attorneys' fees and costs in prosecuting the motion. *See Johnson*, 2015 WL 5692567, at *7 (granting attorneys' fees and costs to defendant as prevailing party on its motion to compel arbitration where the parties contractually agreed that the prevailing party may recover such fees and costs).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Aerotek, Inc. respectfully requests that this Court: (1) dismiss with prejudice Plaintiffs' Complaint against Aerotek; (1) compel Plaintiffs to arbitrate their claims against Aerotek; and (3) award Defendant Aerotek the attorneys' fees and costs it incurred in prosecuting this motion.

DATED: February 17, 2023

AEROTEK, INC.

By: /s/ Andrew L. Scroggins
Andrew L. Scroggins (ascroggins@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6446
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

Counsel for Defendant Aerotek, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on (date), I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

                                                                                    /s/ Andrew Scroggins