EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS, INDIANA**

| | |
|---|---|
| MOHAMED KABA and ABDUL LEE, | |
| Plaintiffs, | |
| v. | Case No. 23-cv-00084 |
| | Hon. Jane Magnus-Stinson |
| LABCORP DRUG DEVELOPMENT INC. and AEROTEK, INC., | |
| Defendants. | |

## <u>DECLARATION OF YVETTE VANDERHAAR</u>

I, Yvette VanderHaar, hereby declare as follows:

1.      I am currently employed by Aerotek, Inc. ("Aerotek") in the position of Product Owner.  I have personal knowledge of the following facts and, if I am called as a witness, can and will testify to these facts.

2.      Aerotek is a staffing company, which provides supplemental staffing, recruiting, and other placement services to its clients.  Aerotek sources, screens, and recruits qualified individuals to meet the business needs of its clients.  Once a client accepts a candidate, Aerotek hires and assigns that candidate to the client's location.

3.      In my role as a Product Owner, I have access to information and knowledge regarding employment and assignment start and end dates.

4.      Mohamed Kaba was employed by Aerotek as a Cleanroom Technician and on assignment to Aerotek's client Labcorp Drug Development, Inc. ("Labcorp"), formerly known as Covance Central Laboratory Services ("Covance"), from December 21, 2020 to August 18, 2021.

5.      Abdul Lee was employed by Aerotek as a Cleanroom Technician and on assignment at Aerotek's client Labcorp (a/k/a Covance) from December 30, 2020 to August 18, 2021.

6.      In addition, I have personal knowledge regarding Aerotek's process for having candidates electronically complete certain paperwork prior to hire and assignment, including Mutual Arbitration Agreements.  This process was in effect at the time Mohamed Kaba and Abdul Lee completed paperwork related to assignments in December 2020.

7.      I also have access to information and knowledge regarding, and have reviewed, the documents attached as exhibits to this declaration.  Aerotek has maintained those documents in the course of its regularly conducted business activities and making or maintaining those records was a regular practice.

8.      The "paperwork" Aerotek candidates are required to complete exists in an electronic format and is provided to a candidate through an invitation sent to the candidate's email address.  Each invitation has a unique candidate identification number, which links the candidate to their own set of paperwork.

9.      When a candidate first links to their paperwork, they must create a username and password.  After doing this, the candidate is prompted to create security questions, at least one of which will be asked each time the candidate subsequently logs into their invitation.

10.     After the candidate has created their username, password, and security questions, the candidate is presented with an Electronic Disclosure Acknowledgement, which states, among other things, the following:

> By using this website, I agree to use an electronic signature in lieu of a hand-written signature.  By electronically signing any documentation contained herein, I agree to all the terms, conditions, and policies contained in these documents and agree to be bound as though I had signed these documents in writing.  I further

agree not to electronically sign any form without first reading it and ensuring I
have completed the form to the best of my knowledge.

The candidate must electronically sign the Electronic Disclosure Acknowledgment to proceed

through the paperwork.

11.     After completing their Electronic Disclosure Acknowledgement, the candidate

receives a secondary validation prompt and is asked to re-enter their password to verify their

identity.  The candidate then completes additional paperwork, including the Mutual Arbitration

Agreement.

12.     Each document electronically signed by a candidate has an "AG Onboarding"

number in its footer.  The purpose of the number is to tie the electronically signed document to a

particular candidate and, even more specifically, a particular login session.  The number's

sequence is arranged as follows: (a) the first ten digits are the candidate identification number

assigned to the candidate's invitation; and (b) the six remaining digits are a "business process

instance identification number" that is automatically generated when the candidate logs in and is

unique to that particular login session.

13.     In the footer of each document, next to the AG Onboarding number, is a date

stamp showing the date on which an Aerotek employee "generated" (*i.e.*, accessed) the electronic

document.  That date stamp has nothing to do with the date on which the candidate electronically

signed the document or on which the AG Onboarding number was assigned.  Therefore, the date

stamp in the footer of the document is typically different than the date on which the candidate

electronically signed the document.

14.     The date and time when the candidate electronically signs the document is

reflected on the document in a highlighted box immediately below the candidate's electronic

signature.

3

15.     Exhibit 1 is a true and accurate copy of the Mutual Arbitration Agreement electronically signed by Mohamed Kaba on December 11, 2020 at 10:00 a.m. EST.

16.     Exhibit 2 is a true and accurate copy of the Mutual Arbitration Agreement electronically signed by Abdul Lee on December 16, 2020 at 7:36 p.m. EST.

17.     Before a candidate can electronically submit their completed paperwork to Aerotek's Field Support Group ("FSG"), the candidate receives another secondary validation prompt again asking the candidate to re-enter their password to verify the candidate's identity.

18.     Once the paperwork has been submitted to and received by the FSG, an Aerotek FSG employee verifies that the candidate's identification matches biographical data provided by the candidate. Once this verification task is complete, the FSG employee's electronic signature is added to any documents requiring the signature of an Aerotek representative.

19.     Consistent with this process, the Mutual Arbitration Agreements signed by Mohamed Kaba and Abdul Lee were electronically signed by an authorized Aerotek representative.  *See* Exhibits 1-2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of January, 2023.

*Yvette VanderHaar*
_____
Yvette VanderHaar

# EXHIBIT 1



# MUTUAL ARBITRATION AGREEMENT ("AGREEMENT")

As consideration for my application for and/or my employment with Aerotek, Inc and for the mutual promises herein, I and the Company (as defined below) (each a "party" and collectively "the parties") agree that:

**Except (i) as expressly set forth in the section, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that I may have against Aerotek, Inc and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.**

To the maximum extent permitted by applicable law, the parties agree that:

- No Covered Claims may be initiated or maintained on a class action, collective action, or representative action basis either in court or arbitration;
- A court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of the class action, collective action, or representative action waiver set forth above;
- If, for any reason, the class action, collective action, or representative action waiver is held unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the type of claim as to which the waiver was held unenforceable or invalid;
- All claims must be brought in a party's individual capacity and unless the parties expressly agree in writing, Covered Claims may not be joined or consolidated in court or arbitration with other individuals' claims, and no damages or penalties may be sought or recovered on behalf of other individuals; and
- While I have the right to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board ("NLRB"), the Department of Labor, the Occupational Safety and Health Commission, or any other federal, state, or local administrative agency, if any federal, state or local administrative agency proceeding does not finally resolve the Covered Claim, the parties must submit the claim to arbitration under this Agreement.

Claims Not Covered by this Agreement

- Workers' compensation benefits, unemployment compensation benefits, claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and claims which are subject to the exclusive jurisdiction of the NLRB; and
- Any claim that is expressly precluded from arbitration by a governing federal law or by a state law that is not preempted by the Federal Arbitration Act ("FAA") or other federal law.

Arbitration Procedures

- The parties will use Judicial Arbitration and Mediation Services ("JAMS") subject to its then-current employment arbitration rules and procedures (and the then-existing emergency relief procedures contained in the JAMS comprehensive arbitration rules and procedures if either party seeks emergency relief prior to the appointment of an Arbitrator), available at http://www.jamsadr.com, unless those rules and/or procedures conflict with any express term of this Agreement, in which case this Agreement is controlling;
- No arbitration under this Agreement shall be subject to the JAMS Class Action Procedures;
- The arbitration will be heard by a single Arbitrator in the State or Territory where I worked at the time the claim arose;
- The Arbitrator will have the authority to decide a motion to dismiss and/or a motion for summary judgment by any party and shall apply the Federal Rules of Civil Procedure governing such motions; and
- The Arbitrator shall issue a final and binding written award, subject to review on the grounds set forth in the FAA. The award shall have no preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Arbitration Fees and Costs

- I will pay any JAMS filing or administrative fee up to the amount of the initial filing fee to commence an action in a Court that otherwise would have jurisdiction ("filing fee"), and the Company will pay any amount in excess of the filing fee.
- The Company will pay any other JAMS administrative fees, the Arbitrator's fees, and any additional fees unique to arbitration.
- I will pay my own attorneys' fees and all other costs and fees that I incur in connection with the Arbitration.
- The Company will pay its own attorneys' fees and all other costs and fees that it incurs in connection with the Arbitration.
- The Arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the applicable prevailing party, in which case the Arbitrator shall have the authority to make an award of attorneys' fees to the full extent permitted by applicable law. If there is a dispute as to whether the Company or I am the prevailing party, the Arbitrator will decide this issue.

Time Limitation for Commencing Arbitration

- The same statute of limitations that would have applied if the Claim was made in an administrative or judicial forum will apply to any Covered Claim.
- Arbitration is to be commenced consistent with the then-current JAMS arbitration rules and procedures.

Damages and Other Relief

Any Covered Claims arbitrated hereunder are subject to the same affirmative rights to individual damages and other relief and the same limitations regarding damages and ability to obtain other relief as would have applied in a judicial forum.

Modification and Termination

This Agreement survives the termination of my employment (or expiration of any benefit of my employment) with the Company. If I am later re-employed by the Company, this Agreement remains in full force and effect during my later employment and survives the termination of my later employment. This Agreement supersedes any prior agreement between the parties regarding the subject matter of dispute resolution.

Confidentiality

The parties shall maintain the confidential nature of the arbitration proceeding and the award, including all disclosures in discovery, submissions to the arbitrator, the hearing, and the contents of the arbitrator's award, except as may be necessary in connection with a court application for a provisional remedy under applicable law, a judicial action to vacate or enforce an award, or unless otherwise required by law or allowed by prior written consent of both parties. This provision shall not prevent either party from communicating with witnesses to the extent necessary to assist in arbitrating the proceeding. In all proceedings to confirm or vacate an award, the parties will cooperate in preserving the confidentiality of the arbitration proceeding and the award to the greatest extent allowed by applicable law.

Construction

If any court of competent jurisdiction finds any part or provision of this Agreement void, voidable, or otherwise unenforceable, such a finding will not affect the validity of the remainder of the Agreement, and all other parts and provisions remain in full force and effect.

Governing Law

This Agreement is governed by the FAA and, to the extent not inconsistent with or preempted by the FAA, by the laws of the state of Maryland without regard to principles of conflicts of law. Aerotek, Inc's business and my employment with Aerotek, Inc affect interstate commerce.

**I ACKNOWLEDGE THAT:**

- I have carefully read this Agreement, understand the terms of this Agreement, and am entering into this Agreement voluntarily;
- I am not relying on any promises or representations by the Company except those contained in this Agreement;
- I am giving up the right to have Covered Claims decided by a court or jury;
- I have been given the opportunity to discuss this Agreement with my own attorney if I wish to do so; and
- My affirmative signature and/or acknowledgement of this Agreement is not required for the Agreement to be enforced. If I begin working for Aerotek, Inc without signing this Agreement, this Agreement will be effective, and I will be deemed to have consented to, ratified and accepted this Agreement through my acceptance of and continued employment with Aerotek, Inc.

**APPLICANT/EMPLOYEE**                                      **Aerotek, Inc**

Mohamed Kaba (Electronic Signature)                         Danielle R Croft (Electronic Signature)

**Name (Signature)**

Mohamed Kaba
_____

Senior CSA
_____

**Print Name**

**Title**

12/11/2020
_____

12/22/2020
_____

**Date**

**Date**

Rev. 01/05/2015

 *Electronically Signed on* **11-Dec-2020, 10:00 AM EST**
*by* **Mohamed Kaba**

# EXHIBIT 2



# MUTUAL ARBITRATION AGREEMENT ("AGREEMENT")

As consideration for my application for and/or my employment with Aerotek, Inc and for the mutual promises herein, I and the Company (as defined below) (each a "party" and collectively "the parties") agree that:

**Except (i) as expressly set forth in the section, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that I may have against Aerotek, Inc and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.**

To the maximum extent permitted by applicable law, the parties agree that:

- No Covered Claims may be initiated or maintained on a class action, collective action, or representative action basis either in court or arbitration;
- A court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of the class action, collective action, or representative action waiver set forth above;
- If, for any reason, the class action, collective action, or representative action waiver is held unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the type of claim as to which the waiver was held unenforceable or invalid;
- All claims must be brought in a party's individual capacity and unless the parties expressly agree in writing, Covered Claims may not be joined or consolidated in court or arbitration with other individuals' claims, and no damages or penalties may be sought or recovered on behalf of other individuals; and
- While I have the right to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board ("NLRB"), the Department of Labor, the Occupational Safety and Health Commission, or any other federal, state, or local administrative agency, if any federal, state or local administrative agency proceeding does not finally resolve the Covered Claim, the parties must submit the claim to arbitration under this Agreement.

Claims Not Covered by this Agreement

- Workers' compensation benefits, unemployment compensation benefits, claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and claims which are subject to the exclusive jurisdiction of the NLRB; and
- Any claim that is expressly precluded from arbitration by a governing federal law or by a state law that is not preempted by the Federal Arbitration Act ("FAA") or other federal law.

Arbitration Procedures

- The parties will use Judicial Arbitration and Mediation Services ("JAMS") subject to its then-current employment arbitration rules and procedures (and the then-existing emergency relief procedures contained in the JAMS comprehensive arbitration rules and procedures if either party seeks emergency relief prior to the appointment of an Arbitrator), available at http://www.jamsadr.com, unless those rules and/or procedures conflict with any express term of this Agreement, in which case this Agreement is controlling;
- No arbitration under this Agreement shall be subject to the JAMS Class Action Procedures;
- The arbitration will be heard by a single Arbitrator in the State or Territory where I worked at the time the claim arose;
- The Arbitrator will have the authority to decide a motion to dismiss and/or a motion for summary judgment by any party and shall apply the Federal Rules of Civil Procedure governing such motions; and
- The Arbitrator shall issue a final and binding written award, subject to review on the grounds set forth in the FAA. The award shall have no preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Arbitration Fees and Costs

- I will pay any JAMS filing or administrative fee up to the amount of the initial filing fee to commence an action in a Court that otherwise would have jurisdiction ("filing fee"), and the Company will pay any amount in excess of the filing fee.
- The Company will pay any other JAMS administrative fees, the Arbitrator's fees, and any additional fees unique to arbitration.
- I will pay my own attorneys' fees and all other costs and fees that I incur in connection with the Arbitration.
- The Company will pay its own attorneys' fees and all other costs and fees that it incurs in connection with the Arbitration.
- The Arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the applicable prevailing party, in which case the Arbitrator shall have the authority to make an award of attorneys' fees to the full extent permitted by applicable law. If there is a dispute as to whether the Company or I am the prevailing party, the Arbitrator will decide this issue.

Time Limitation for Commencing Arbitration

- The same statute of limitations that would have applied if the Claim was made in an administrative or judicial forum will apply to any Covered Claim.
- Arbitration is to be commenced consistent with the then-current JAMS arbitration rules and procedures.

Damages and Other Relief

Any Covered Claims arbitrated hereunder are subject to the same affirmative rights to individual damages and other relief and the same limitations regarding damages and ability to obtain other relief as would have applied in a judicial forum.

Modification and Termination

This Agreement survives the termination of my employment (or expiration of any benefit of my employment) with the Company. If I am later re-employed by the Company, this Agreement remains in full force and effect during my later employment and survives the termination of my later employment. This Agreement supersedes any prior agreement between the parties regarding the subject matter of dispute resolution.

Confidentiality

The parties shall maintain the confidential nature of the arbitration proceeding and the award, including all disclosures in discovery, submissions to the arbitrator, the hearing, and the contents of the arbitrator's award, except as may be necessary in connection with a court application for a provisional remedy under applicable law, a judicial action to vacate or enforce an award, or unless otherwise required by law or allowed by prior written consent of both parties. This provision shall not prevent either party from communicating with witnesses to the extent necessary to assist in arbitrating the proceeding. In all proceedings to confirm or vacate an award, the parties will cooperate in preserving the confidentiality of the arbitration proceeding and the award to the greatest extent allowed by applicable law.

Construction

If any court of competent jurisdiction finds any part or provision of this Agreement void, voidable, or otherwise unenforceable, such a finding will not affect the validity of the remainder of the Agreement, and all other parts and provisions remain in full force and effect.

Governing Law

This Agreement is governed by the FAA and, to the extent not inconsistent with or preempted by the FAA, by the laws of the state of Maryland without regard to principles of conflicts of law. Aerotek, Inc's business and my employment with Aerotek, Inc affect interstate commerce.

**I ACKNOWLEDGE THAT:**

- I have carefully read this Agreement, understand the terms of this Agreement, and am entering into this Agreement voluntarily;
- I am not relying on any promises or representations by the Company except those contained in this Agreement;
- I am giving up the right to have Covered Claims decided by a court or jury;
- I have been given the opportunity to discuss this Agreement with my own attorney if I wish to do so; and
- My affirmative signature and/or acknowledgement of this Agreement is not required for the Agreement to be enforced. If I begin working for Aerotek, Inc without signing this Agreement, this Agreement will be effective, and I will be deemed to have consented to, ratified and accepted this Agreement through my acceptance of and continued employment with Aerotek, Inc.

**APPLICANT/EMPLOYEE**                                    **Aerotek, Inc**

Abdul B Lee (Electronic Signature)                        Kimberly J Macey (Electronic Signature)

AG Onboarding - 00026423282625502 - Generated: 01/23/2021 9:41 AM

**Name (Signature)**

Abdul B Lee
_____
**Print Name**

Customer Service Rep.
_____
**Title**

12/16/2020
_____
**Date**

12/28/2020
_____
**Date**

Rev. 01/05/2015

 *Electronically Signed on* **16-Dec-2020, 07:36 PM EST**
*by* **Abdul B Lee**