UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MOHAMED KABA, ABDUL LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 1:23-cv-00084-JMS-TAB ) |
| AEROTEK, INC., LABCORP DRUG DEVELOPMENT INC., | ) ) ) |
| Defendants. | ) ) |

**ORDER ON DEFENDANT AEROTEK, INC.'S MOTION TO COMPEL ARBITRATION AND TO DISMISS, OR ALTERNATIVELY, TO STAY**

### I.   Introduction

Defendant Aerotek, Inc. seeks to compel Plaintiffs Mohamed Kaba and Abdul Lee to arbitrate their claims against Aerotek and to dismiss the Combined Class Action Complaint and Individual Complaint for Damages and Request for Jury Trial, or alternatively, to stay these proceedings against Aerotek pending resolution in the arbitral forum. In addition, Aerotek moves for an order awarding it attorneys' fees and costs it incurred in prosecuting this motion. Plaintiffs oppose Aerotek's motion, arguing that certain provisions render it procedurally and substantively unconscionable. Plaintiffs received the arbitration agreement from Aerotek, had an opportunity to review it, and accepted the terms. Plaintiffs fall short of their burden of proving that the claims at issue are not referable to arbitration or that the agreement is unconscionable. Accordingly, for the reasons stated more thoroughly below, Aerotek's motion to compel arbitration [Filing No. 15] is granted.

### II.     Background

Aerotek provides temporary staffing services on a contract basis.  In December 2020, Aerotek extended offers of employment to Kaba and Lee to be assigned to Aerotek's customer Labcorp.  On December 11, 2020, Kaba electronically signed the arbitration agreement to acknowledge his receipt of the agreement and acceptance of its terms prior to starting his role at Labcorp.  [Filing No. 16-1, at ECF p. 8-9.]  On December 16, 2020, Lee electronically signed the arbitration agreement to acknowledge his receipt of the agreement and acceptance of its terms.  [Filing No. 16-1, at ECF p. 12-13.]  The terms of the arbitration agreement require the parties to submit covered claims to arbitration with Judicial Arbitration and Mediation Services rather than proceeding in court.  [Filing No. 16-1, at ECF p. 7.]

Aerotek also has an employment agreement with those it hires to be placed on assignment.  Kaba electronically signed the employment agreement on December 11, 2020, and Lee electronically signed it on December 16, 2020.  [Filing No. 16-2, at ECF p. 7; Filing No. 16-2, at ECF p. 11.]  Among other terms, the employment agreement provides that the prevailing party in a dispute is entitled to recover reasonable attorneys' fees and costs.  [Filing No. 16-2, at ECF p. 7.]

Plaintiffs' assignments with Labcorp ended on August 17, 2021.  [Filing No. 1-2, at ECF p. 3.]  On December 12, 2022, Kaba and Lee filed a Combined Class Action Complaint and Individual Complaint for Damages and Request for Jury Trial in Marion Superior Court.  [Filing No. 1, at ECF p. 1.]  Plaintiffs' complaint alleges that Defendants violated Title VII of the Civil Rights Act of 1964 as to Plaintiffs and a class of similarly situated Muslim employees.  Specifically, Plaintiffs allege religious harassment, failure to accommodate their religious practices, and retaliation.  [Filing No. 1-1, at ECF p. 2.]  Aerotek filed its notice of removal to

this Court in January 2023, then subsequently moved to compel arbitration and dismiss, or alternatively, stay this action. [Filing No. 1; Filing No. 15.] Plaintiffs oppose Aerotek's motion. [Filing No. 25.][1]

### III.    Discussion

#### A.  The Arbitration Agreement

Aerotek argues that this Court should grant its motion to compel arbitration because the parties have a valid, enforceable arbitration agreement that covers Plaintiffs' claims.[2] The Federal Arbitration Act codifies a strong federal policy in favor of enforcing arbitration agreements. *See* 9 U.S.C. § 2. A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). The party opposing arbitration bears the burden of proving that the claims at issue are not referable to arbitration. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Plaintiffs do not dispute that their claims fall within the scope of the arbitration agreement or that they have so far refused to proceed to arbitration. Thus, the only issue is whether the arbitration agreement is a valid, enforceable agreement. Aerotek argues that it is, and notes that Plaintiffs do not dispute that they received the arbitration agreement before they began their employment by Aerotek, had an opportunity to review it, and accepted the terms by

---

[1] In addition, on March 22, 2023, the parties filed a joint motion to stay this matter pending resolution of Aerotek's motion to compel arbitration, which the Court granted. [Filing No. 28.]

[2] While Aerotek at times refers to Indiana law in its brief, the parties agree that the arbitration agreement contains a choice of law provision that designates Maryland as the applicable law governing the agreement. [*See* Filing No. 16-1, at ECF p. 8.]

3

electronic signature.  [Filing No. 26, at ECF p. 1.]  Aerotek maintains that Plaintiffs' assent to the terms of the arbitration agreement is further reflected by their accepting offers of employment to be assigned to Aerotek's client Labcorp.  [Filing No. 16, at ECF p. 8.]

Plaintiffs argue that the arbitration agreement is unenforceable because it is both substantively and procedurally unconscionable.  [Filing No. 25.]  Specifically, Plaintiffs take issue with two provisions in the agreement: (1) its prohibition on the use of class action litigation for mutual self-protection; and (2) its confidentiality provision, which requires that the parties maintain the confidential nature of the arbitration proceeding and the award, including all disclosures in discovery, submissions to the arbitrator, the hearing, and the contents of the arbitrator's award.  [Filing No. 25, at ECF p. 1.]

Plaintiffs do not further develop the first portion of their argument regarding the prohibition on the use of class action litigation.  However, Aerotek points out that Maryland state courts, like the federal courts, permit class action waivers in arbitration agreements.  *See, e.g., Walther v. Sovereign Bank*, 872 A.2d 735, 751, 386 Md. 412, 438 (Md. 2005) ("We cannot ignore the strong policy, made clear in both federal and Maryland law, that favors the enforcement of arbitration provisions. . . . Therefore, we do not find the no-class-action provision to be so one-sided or oppressive to petitioners as to render the arbitration agreement at issue unconscionable.").  *See also Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018) ("[C]ourts may not allow a contract defense to reshape traditional individualized arbitration by mandating classwide arbitration procedures without the parties' consent.").  The arbitration agreement in this case is not substantively unconscionable because it includes a waiver of class action proceedings.

The second portion of Plaintiffs' argument regarding the confidentiality provision raises a question of first impression under Maryland law, as both sides acknowledge. Thus, Plaintiffs cite to cases decided by courts sitting in other states applying other, unrelated law. [Filing No. 25, at ECF p. 4-5.] However, Plaintiffs provide no indication that the principles in those cases are similar to those relevant under Maryland legal authority. Furthermore, even if this Court concluded that the confidentiality provision in the agreement is unenforceable, the terms of the agreement dictate that the offending clause would simply be stricken, allowing the remainder of the agreement to remain in effect. [Filing No. 16-1, at ECF p. 8 ("If any court of competent jurisdiction finds any part or provision of this agreement void, voidable, or otherwise unenforceable, such a finding will not affect the validity of the remainder of the Agreement, and all other parts and provisions remain in full force and effect.").] Given that the confidentiality provision can be easily stricken if it is unenforceable, the Court declines to wade into this unsettled area of Maryland law. Doing so is unnecessary.[3]

Plaintiffs also broadly claim that the arbitration agreement is procedurally unconscionable as a contract of adhesion. [Filing No. 25, at ECF p. 3.] Plaintiffs do not develop this argument with any specifics regarding the agreement in this case. Instead, Plaintiffs cite and principally rely on *Rankin v. Brinton Woods of Frankford*, LLC, 241 Md. App. 604 (2019). As Aerotek notes, *Rankin* appears to have little in common with the present case. *Rankin* concerned a negligence and wrongful death suit filed by the estate and family of a man who died while a patient at a post-acute care center. *Id*. at 609. The Court found procedural unconscionability in *Rankin* where the contract contained misleading information, lacked clarity, and included

---

[3] As Aerotek points out in its reply brief, the parties also could agree to drop the confidentiality clause.

apparent conflicting provisions.  *Id*. at 623-624.  The arbitration agreement in *Rankin* was buried in two sections in the middle of a contract that lacked "any apparent emphasis by either bolded, underlined, or italicized language."  *Id*. at 624.  By contrast, the arbitration agreement here was its own freestanding document with a clear heading labeling it as such.  Plaintiffs make no attempt to point to any analogous conflicting or misleading terms in the arbitration agreement as were at issue in *Rankin*.

In short, Plaintiffs have not met their burden of proving that the claims at issue are not referable to arbitration.  Rather, the arbitration agreement is valid and enforceable, and the claims in Plaintiffs' complaint are covered claims that must be submitted to arbitration.  Accordingly, Aerotek's motion to compel arbitration [Filing No. 15] is granted.  However, in line with Seventh Circuit precedent, the Court stays, rather than dismisses, this lawsuit.  *See, e.g., Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("As this Court has noted on numerous occasions, the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright."  (Internal citation and quotation marks omitted)).

### B.  Request for Attorneys' Fees and Costs

Aerotek additionally requests that the Court award Aerotek attorneys' fees and costs in connection with bringing this motion.  The employment agreements signed by Plaintiffs provide that the prevailing party in a dispute is entitled to recover reasonable attorneys' fees and costs.  Specifically, the agreements state:

> **19. Attorneys' Fees** – To the extent permitted by law, you agree that in the event of any dispute or claims . . . (b) seeking to enforce the obligations contained in this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and all costs relating to the dispute or claims and any process through which such a dispute or claims may be resolved.

6

[Filing No. 16-2, at ECF p. 7, 11.] Plaintiffs breached their agreements by filing suit in court, rather than in an arbitral forum.[4] Thus, Aerotek is entitled to recover its reasonable attorneys' fees and costs as a result of the breach. For these reasons, the Court grants Aerotek's request for fees and costs. The parties should cooperate in good faith to resolve this fee issue. If they are unable to do so, Aerotek has 21 days from the date of this order to file a brief and supporting documentation regarding its fees.

IV.     Conclusion

For these reasons, Aerotek's motion to compel arbitration [Filing No. 15] is granted. This matter is stayed pending resolution in the arbitration proceedings, provided the Court will, if necessary, resolve the attorneys' fee issue.

Date: 4/4/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[4] Aerotek noted in its reply that Plaintiffs' counsel contacted Aerotek's counsel with a proposal after Aerotek filed its motion to compel arbitration: Plaintiffs would agree to proceed in arbitration and stay the litigation before this Court if Aerotek would agree to withdraw its request for fees. Aerotek represented to the Court that it accepted Plaintiffs' proposal, but Plaintiffs changed their minds, which necessitated Aerotek filing a reply and continuing to seek these fees and costs. [Filing No. 26, at ECF p. 5.]